*490 Orders of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about April 25, 2011, which, upon fact-finding determinations that respondent’s consent was not required for the adoption of the subject children and, in the alternative, that respondent permanently neglected the children, terminated respondent’s parental rights and committed the custody and guardianship of the children to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.
The record supports the court’s finding that respondent’s consent was not required for the adoption of the children (see Domestic Relations Law § 111 [1] [d], [e]; Matter of Timothy M. [Timothy B.], 79 AD3d 595 [1st Dept 2010]). Respondent, who did not live with the children’s mother during the relevant period, admitted that he made no payment toward the support of the children. The small gifts and occasional meals he gave them are insufficient to constitute support (see Domestic Relations Law § 111 [1] [d] [i]).
The record also supports the court’s alternative finding that respondent permanently neglected the children by failing to plan for their future despite the agency’s diligent efforts to strengthen his relationship with them (see Social Services Law § 384-b [7] [a]; Matter of Sheila G., 61 NY2d 368 [1984]). The case worker testified that the agency made numerous referrals and that respondent refused them, saying that he had completed the services in the past in connection with proceedings to terminate his parental rights to his two other children. Moreover, respondent admitted that he failed to complete the service plan before the petitions were filed.
The record demonstrates that it is in the best interests of the children to be freed for adoption (see Family Ct Act § 631; Matter of Michael B., 80 NY2d 299 [1992]). While respondent has failed to address the problems that led to the children’s placement, the foster parents, who want to adopt the children, have provided them with a loving, supportive home in which their special needs are addressed. Concur — Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.